**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Civil No. 00-CV-140 MJD/JGL

ST. PAUL PAINTING INDUSTRY HEALTH AND WELFARE FUND,

Plaintiff,

vs.

TED RIEPLE PAINTING & DECORATING, INC., and JOE SPECHT,

Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

This matter was heard before the undersigned on the 28th day of April, 2000. Pamela H. Nissen of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiff. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Plaintiff filed a Summons and Complaint in this matter on January 19, 2000.

2. Defendants Ted Rieple Painting & Decorating, Inc. and Joe Specht were served with a Summons and Complaint in this matter on February 8, 2000.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiff is joint fringe benefit trust fund (the "Fund") which is a multi-employer plan as defined by 29 U.S.C. § 1002(37). It is established to provide, among other things, health and welfare benefits to employees doing painters work in the construction trades,

FILED APR 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 28 2000
DEPUTY CLERK

and is maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound by certain a Collective Bargaining Agreement (Bargaining Agreement) with the Painters and Allied Trades Local Union No. 681. The Bargaining Agreement and Trust Agreement pursuant to which the Plaintiff is established, obligate Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Plaintiff is entitled under the terms of the Trust Agreement to audit Defendants' payroll records to determine its compliance with the reporting and contributions requirements.

7. The Plaintiff requested that Defendants submit records for the period of January, 1998 through the present. Defendants have failed and refused to produce any records.

## CONCLUSIONS OF LAW

a) Defendants are in default, and Plaintiff is entitled to Default Judgment.

b) Defendants must produce all records as requested by Plaintiff to allow Plaintiff to complete an audit of its records for the period of January, 1998 through the present.

# ORDER

**IT IS ORDERED**:

1. That Plaintiff's motion for default judgment is granted.

2. That Defendants shall produce for inspection and audit the following business records for the period January, 1998 through the date of this Order:

   a) All payroll records;

   b) All time cards;

   c) All Internal Revenue Form 941 quarterly reports;

   d) All Internal Revenue W-2 Forms for employees of Defendants and the W-3 Form;

   e) All Internal Revenue 1099 and 1096 forms;

   f) Defendants' payroll check register and sequential canceled checks from Defendants' payroll account;

   g) All Minnesota Unemployment Compensation filing forms (MUTAs); and

   h) Copies of monthly remittance reports which Defendants are required to submit to Plaintiff.

3. Defendants are further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiff.

4. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425.

5. The only issues remaining to be determined in this action are the amount of Plaintiff's damages and Plaintiff's claim for attorney's fees and costs.

6. That the amount of Plaintiff's damages and Plaintiff's claim for attorney's fees and costs shall be determined by the Court after hearing.

**IT IS SO ORDERED.**

Dated: 4-28-00

Michael J. Davis
United States District Judge